UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV 15-372-MWF(JEMx)                Date:  July 9, 2015

Title:     Hana Financial, Inc. -v- Most Official 7, Inc.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

      Deputy Clerk:                                Court Reporter:
      Cheryl Wynn                                Not Reported

      Attorneys Present for Plaintiff:        Attorneys Present for Defendant:
      None Present                                None Present

**Proceedings (In Chambers):**  ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL [31]

      Before the Court is the Motion Dismiss Plaintiff's Complaint Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) (the "Motion"), filed on June 22, 2015, by Plaintiff Hana Financial, Inc. (Docket No. 31). The Court has read and considered the papers on this Motion and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Accordingly, the hearing set for July 20, 2015 is **VACATED** and removed from the Court's calendar. For the reasons set forth below, the Court **GRANTS** the Motion for voluntary dismissal *without prejudice*.

      On January 16, 2015, Plaintiff Hana Financial, Inc. filed in this Court a Complaint against Defendant Most Official 7, Inc., dba MO7, for breach of a Factoring, Loan and Security Agreement, and an Inventory Security Agreement. (Docket No. 1). Defendant was served on January 23, 2015. (Docket No. 9). After Defendant failed to file its Answer within the deadline, Plaintiff filed a Request for Clerk to Enter Default. (Docket No. 10). The Clerk entered Default on February 18, 2015. (Docket No. 12). Sometime thereafter, Defendant retained counsel and the parties stipulated to set aside Defendant's default. The Court granted the stipulation and vacated the default on March 26, 2015. (Docket No. 20). Defendant filed its Answer on April 15, 2015. (Docket No. 21).

      The parties then met and conferred, and on June 1, 2015, filed their Joint Rule 26(f) Report with the Court. (Docket No. 27). The parties alerted the Court in this

---

**CIVIL MINUTES—GENERAL**                                    1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV 15-372-MWF(JEMx)                    Date:  July 9, 2015

Title:     Hana Financial, Inc. -v- Most Official 7, Inc.

Report that "Defendant's ownership and the identity of an authorized officer or other representative to act on its behalf are preliminary issues needing early exploration in discovery." (*Id.* at 8). Upon further discussions after the June 15 Scheduling Conference, Plaintiff was told that "(i) [Defendant's counsel] is being paid by, and taking direction from, a Mr. K.Y. Lee, (ii) Lee has no ownership or equity interest in [Most Official 7, Inc.], (iii) Lee is not an officer, director or employee of [Most Official 7], and (iv) that [counsel] is not in contact with any shareholder, equity holder, officer, director or anyone at [Most Official 7]." (Mot. at 4; Geher Decl. ¶ 4 (Docket No. 33)).

Plaintiff brought the present Motion on June 22, 2015, explaining that "[t]he apparent lack of an equity owner, officer or director of Defendant to provide direction and instructions to its counsel, and [Defendant's] counsel's confirmation of such, have led Plaintiff to conclude at this point in time that it makes economic sense for Plaintiff to dismiss its Complaint against Defendant without prejudice," as "Plaintiff has concerns about the collectability of any judgment that [it] could obtain against [Defendant]." (Mot. at 2). Prior to filing the Motion, Plaintiff spoke with counsel for Defendant about its intention to file a motion to dismiss the action. (Kaplan Decl. ¶ 2 (Docket No. 32)). Defendant's counsel indicated that he did not have any authority to stipulate to dismissal of the action without prejudice. (*Id.*).

Defendant filed an Opposition to the Motion on June 29, 2015. (Docket No. 34). In it Defendant asks that any dismissal be granted *with* prejudice, or without prejudice *on condition* that Plaintiff pay at least some of the fees incurred in Defendant's defense. (Opp. at 1–2). Plaintiff filed a Reply on July 6, 2015, arguing that any conditions would be inappropriate in this case. (Docket No. 35).

Federal Rule of Civil Procedure 41(a)(2) governs voluntary dismissal once a defendant has filed an answer. Rule 41(a)(2) states that, "[a]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Dismissal pursuant to Rule 41(a)(2) is without prejudice unless the order dismissing the case states otherwise. *See id.* Whether to allow dismissal with or without prejudice is discretionary with the court. *See Hargis v.*

---

**CIVIL MINUTES—GENERAL**                                                  2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV 15-372-MWF(JEMx)                    Date:  July 9, 2015

Title:      Hana Financial, Inc. -v- Most Official 7, Inc.

*Foster*, 312 F.3d 404, 412 (9th Cir. 2002) ("Rule 41 vests the district court with discretion to dismiss an action at the plaintiff's instance 'upon such terms and conditions as the court deems proper.'  That broad grant of discretion does not contain a preference for one kind of dismissal or another.").  "In exercising its discretion, the Court must make three separate determinations: (1) whether to allow dismissal at all; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed."  *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993).

      Courts generally allow dismissal unless a defendant will suffer "some plain legal prejudice."  *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).  Legal prejudice does not result because the dispute remains unresolved, there is a threat of future litigation, or a plaintiff may gain a tactical advantage by the dismissal.  *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).  Here, the Court concludes that Defendant will suffer no legal detriment if Plaintiff's claims are dismissed.  This Motion is made at an early stage in the litigation, before a lengthy discovery process and before significant financial resources have been invested in defending the case.  The fact that Defendant has already incurred some expenses in trial preparation does not constitute sufficient prejudice or hardship to justify a denial of the Motion.  *See In re Lowenschuss*, 67 F.3d 1394, 1400–01 (9th Cir. 1995) (concluding defendant was not prejudiced despite expending time and resources in preparing for trial).  This is especially true where the trial preparation conducted will likely be relevant to defending any future action.  *Id.*

      The Court must then decide whether this dismissal should be with or without prejudice.  While the default rule is that dismissal is without prejudice, as Plaintiff has requested, ultimately the decision as to whether to allow dismissal with or without prejudice is discretionary with the Court.  "The following factors are relevant in determining whether the dismissal should be with or without prejudice: (1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, and (3) insufficient explanation of the need to take a dismissal."  *Burnette*, 828 F. Supp. at 1143–43 (citing *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987)).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV 15-372-MWF(JEMx)　　　　　Date: July 9, 2015

Title:　　Hana Financial, Inc. -v- Most Official 7, Inc.

"Additionally, the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* (quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986)).

　　　As explained above, Defendant has invested only limited effort and expense in litigating this case, which is just at the beginning stages. Moreover, Plaintiff has not delayed in prosecuting the action; rather, it was Defendant who delayed the case by failing to appear until after a default had been entered by the Clerk. Additionally, Plaintiff has provided a sound explanation for why it now wishes to dismiss the action: namely, that the Defendant company does not appear to be in business. The Court thus concludes that the default rule should apply here and the case should be dismissed without prejudice.

　　　Finally, the Court must examine whether any terms and conditions should be imposed. Defendant requests that the dismissal "be conditioned on payment of at least $3,500 in attorneys' fees and costs," and asks the Court to order that as a precondition of Plaintiff initiating a subsequent lawsuit against Most Official 7, Inc., it should be required to pay for all of the attorneys' fees and costs incurred in this action to date.

　　　"Imposition of costs and fees as a condition for dismissing without prejudice is not mandatory." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). In *Westlands* the Ninth Circuit reversed the district court's denial of plaintiff's motion for voluntary dismissal, and then remanded for the district court to determine whether costs and fees should be imposed as a condition of the dismissal without prejudice. *Id.* at 98. In doing so, it explained that "if the district court decides it should condition dismissal on the payment of costs and fees, the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims," and that the district court should consider deleting any award of costs and fees that might have been avoided "if the defendants had waited to file their summary judgment motions and responded initially to the Districts' motion for voluntary dismissal." *Id.*

---

**CIVIL MINUTES—GENERAL**　　　　　　　　　　　　　　　　　　　　4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV 15-372-MWF(JEMx)                Date:  July 9, 2015

Title:    Hana Financial, Inc. -v- Most Official 7, Inc.

    Applying these general principles, the Court concludes that costs and fees should not be imposed here.  Defendant is requesting $3,500 in costs and fees, to compensate for the amount it paid to Plaintiff as a condition of its agreement to stipulate to set aside the initial default.  These costs could have been avoided had Defendant timely filed its responsive pleading.  Moreover, any other costs Defendant has incurred were for "the preparation of the Answer, Joint Statement, Initial Disclosures, and other trial preparation" (Leck Decl. ¶ 1 (Docket No. 34)), which could likely be used in any future proceeding.  Additionally, and perhaps most importantly, the Court notes that current counsel does not seem to have authority to represent Most Official 7, Inc., and thus it would be inappropriate for counsel to collect fees in this case.

    In sum, Plaintiff's Motion for dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)(2) is **GRANTED**.  Further, in the Court's discretion, the Court **ORDERS** this dismissal be *without prejudice* and *without condition*.

    This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

    **IT IS SO ORDERED.**